UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY DALE KIRBY,

    Petitioner,

File No. 1:06-CV-491

v.

HON. ROBERT HOLMES BELL

CARMEN D. PALMER,

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Henry Dale Kirby's objections to the Magistrate Judge's August 16, 2007, Report and Recommendation ("R&R"). (Docket # 34, Pet.'s Objections to R&R.) Respondent filed a motion for summary judgment based on the statute of limitations. The motion for summary judgment was referred to the Magistrate Judge. The Magistrate Judge found that Petitioner's claim is barred by the statute of limitations and recommended that Petitioner's claim be dismissed with prejudice. (Docket # 29, R&R 16-17.) Petitioner objects to the Magistrate Judge's recommendation, contending that the Magistrate Judge erred in determining that Petitioner's claim is untimely under the statute of limitations and that Petitioner had not established a basis for equitable tolling of the statute of limitations.

This Court reviews *de novo* those portions of a R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.

Petitioner objects to the Magistrate Judge's conclusion that Petitioner's claim is untimely under the statute of limitations. Petitioner contends that he could not file a motion for relief from judgment under Michigan Court Rule 6.500 in state court because that would have precluded a later effort to seek federal review under 28 U.S.C. § 2254, thus, his claim is not untimely under the statute of limitations. (Pet.'s Objections to R&R 3.) Petitioner supports this contention with a citation to 28 U.S.C. § 2244(d)(1), but provides no further elaboration of how seeking post-conviction relief in state court would have precluded later federal review. (*Id.*) Section 2244(d)(1) does not address state post-conviction proceedings. 28 U.S.C. § 2244(d)(1). In contrast, § 2244(d)(2) specifically addresses the relationship between the statute of limitations for claims under § 2254 and state post-conviction proceedings. § 2244(d)(2). Section 2244(d)(2) tolls the statute of limitations while a properly filed state post-conviction claim is pending. *Id.* If Petitioner had filed a motion under Michigan Court Rule 6.500 it would not have imperiled his ability to later seek review under 28 U.S.C. § 2254. The Magistrate Judge correctly analyzed Petitioner's option to file a motion under Michigan Court Rule 6.500 as it relates to the statute of limitations for seeking relief under 28 U.S.C. § 2254. Therefore, Petitioner's first objection to the R&R is denied.

Petitioner next objects to the Magistrate Judge's conclusion that Petitioner did not establish a basis for equitable tolling of the statute of limitations. Petitioner contends that he pursued his rights diligently and an extraordinary circumstance stood in his way, thus, he is entitled to equitable tolling. (Pet.'s Objections to R&R 3-4.) A petitioner under § 2254 who is "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). With respect to whether he pursued his rights diligently, Petitioner does not dispute the sequence of events as set forth by the Magistrate Judge. Rather, Petitioner contends that he was diligent in that he repeatedly sought to have his appeal re-instated in state court *after* the one-year deadline for filing an application for leave to appeal to the Michigan Court of Appeals had lapsed. *See* Mich. Ct. Rule 7.205(F)(3). These efforts did not constitute diligence as Petitioner had been advised by his second appellate attorney and by the Michigan Court of Appeals that a motion under Michigan Court Rule 6.500 was his only available recourse. (Docket # 26, Pet'r's Resp. 1; Docket # 2, Ex. L, Letter from Patrick Ehlmann 1; Docket # 21, Mar. 21, 2002 Order from the Mich. Ct. App. 1.) Petitioner's decision to continue on a course of action that he had been advised was incorrect did not constitute diligence. As a matter of law, Petitioner did not pursue his rights diligently. Petitioner filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 after the statute of limitations had lapsed and Petitioner is not entitled to

3

equitable tolling of the statute of limitations. Therefore, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (Docket # 34) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation (Docket # 29) is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Respondent Carmen D. Palmer's motion for summary judgment (Docket # 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

Date:   September 14, 2007          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE